

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

James E. Tierney, Atty. Gen., Eric E. Wright (orally), Asst. Atty. Gen., Crim. Div., Augusta, for plaintiff.

Shapiro & Daly, Michael J. Daly (orally), Gardiner, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

Pursuant to 15 M.R.S.A. § 2115–A and M.R.Crim P. 37B the State of Maine has appealed the February 3, 1986 order of the Superior Court, in Kennebec County, dismissing upon grounds of former jeopardy a complaint against the Defendant, Kathleen Farrington, for operating a motor vehicle while under the influence of intoxicating liquor. A jury trial had been held on this cause three months earlier and after the jury had deliberated almost three hours that evening the jury sent a note to the presiding justice, advising that they were

**STATE of Maine**

v.

**Kathleen FARRINGTON.**

Supreme Judicial Court of Maine.

Argued June 10, 1986.

Decided June 19, 1986.

"reasonably certain" that they would be unable to reach a verdict. Thereupon the presiding justice declared a mistrial.

Before the justice hearing the motion to dismiss the second prosecution, no evidence on the manifest necessity of declaring a mistrial was adduced beyond the transcript of the November proceeding. It was the motion justice's duty to review this record, giving due deference to the order of the trial court. *State v. Friel*, 500 A.2d 631, 634 (Me.1985). Upon full consideration the motion justice found that the jury had not been genuinely deadlocked, and he concluded that there had been no manifest necessity to declare a mistrial. This result was not clearly erroneous.

Significantly, the motion justice did *not* find that the issue joined before him fell in a gray area between, on the one hand, situations where the trial court would have erred to continue the jury's deliberations and, on the other hand, situations—such as he found this to be—where the trial court would have erred to terminate their deliberations. It is in that gray area, when it exists, that it is discretionary with the trial court whether or not to declare a mistrial.

Our entry is:

Judgment affirmed.

All concurring.